UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
Koon Chun King Kee Soy & Sauce Factory,
Ltd.,

               Plaintiff,            07-CV-2568(CPS)(SMG)

   -against-                       MEMORANDUM
                                             AND ORDER

Kun Fung USA Trading Co., Inc., a/k/a Kun
Fung Trading Co., Sonic Group, Inc., Wong
Fact Market, Inc., Cheung Fat Trading Inc.,
a/k/a Cheung Fat Market, Gung Fat Trading
Inc., Metropolitan Group USA Inc., and Chun
Wait Chak, a/k/a Ah Chak,

               Defendants.

----------------------------------------X

SIFTON, Senior Judge.

    Plaintiff Koon Chun Hing Kee Soy & Sauce Factory, Ltd. ("plaintiff"), commenced this action against defendants Chun Wai Chak, a/k/a Ah Chak ("Chak"); Kun Fung USA Trading, a/k/a Kun Fung Trading Co.; Sonic Group, Inc.; Wong Fat Market Inc., a/k/a Gung Fat Market; Cheung Fat Trading Inc., a/k/a Cheung Fat Market; Gung Fat Trading Inc.; Metropolitan Group USA Inc.; Yuan Xi Li a/k/a Li Yuen, a/k/a Ah Yuen; Xue Mei Huang, a/k/a May Huang; Shu Fong Wong a/k/a Shu Wong; Zhe Doe; and John Does 1-10 on June 26, 2007. Plaintiff alleges that defendants engaged in (1) trademark infringement, pursuant to 15 U.S.C. § 1114; (2) counterfeiting, pursuant to 15 U.S.C. § 1116; (3) trade dress infringement, pursuant to 15 U.S.C. § 1125(a); (4) unfair

competition, pursuant to 15 U.S.C. § 1125(a); (5) dilution, under NY Gen. Bus. Law, Section 360-L; and (6) common law unfair competition, and seeks declaratory, injunctive, and monetary relief.  Now before the Court is a motion from Chak's attorney ("Counsel") requesting permission to withdraw from representation of Chak only.[1] For the reasons stated below, the motion is granted.

### Background

On November 19, 2007, Counsel made a first request for permission to withdraw from representation of Chak. At that time, Counsel stated that there had been a breakdown of communication between her office and Chak. Counsel stated her belief that Chak was in Hong Kong but she stated she was not sure. On November 20, 2007, plaintiff submitted a letter in opposition to the motion to withdraw. Plaintiff stated that Counsel had made no indication that she had attempted to serve her application on him in Hong Kong. Plaintiff further stated that Chak's absence from the United States had been used as an "excuse" by Counsel for not responding to various motions for discovery. Plaintiff claimed that the motion was an attempt to avoid complying with expedited discovery and to conceal evidence. Plaintiff requested that if the Court should grant the motion, Counsel should be directed to provide plaintiff with Chak's Hong Kong address. On November 27,

---

[1] Counsel also represents Shu Fong Wong a/k/a/ Shu Wong.

2007, I denied the motion to withdraw without prejudice to its renewal in the event that Chak failed to appear either in person or through new counsel within thirty days of the date of the order.

On January 15, 2008, plaintiff filed a motion for a default judgment as to Chak and various other defendants. On January 23, 2008, the Clerk of the Court noted Chak's default. On February 13, 2008, I denied plaintiff's motion for a default judgment against Chak without prejudice to its renewal at the conclusion of the case. On October 16, 2008, the parties reported to the Magistrate Judge that fact discovery had been completed.

On October 20, 2008, Counsel made a second request to withdraw from representation of Chak. Counsel stated in her letter that there had been a complete breakdown of communication between her office and Chak, and that she had not been in contact with Chak for over a year, despite numerous attempts to contact him. On October 22, 2008, plaintiff stated that it did not oppose Counsel's application, provided Council appraised plaintiff of Chak's known addresses, so that Chak could be served with process in the future. A copy of Counsel's motion was sent to Chak by email and to a Brooklyn address. On November 4, 2008, Council filed the copy of the letter sent to the Brooklyn address, which had been returned as undeliverable.

**Discussion**

District courts have wide discretion in deciding whether to grant a motion for an attorney's withdrawal, *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999).

Local Civil Rule 1.4 provides:

> "[a]n attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

"Satisfactory reasons include failure to pay legal fees, a client's lack of cooperation-including lack of communication-with counsel, and the existence of an irreconcilable conflict between attorney and client." *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc., et al.*, 2005 U.S. Dist. LEXIS 17008 at * 4 (S.D.N.Y. 2005) (internal quotations omitted).

The Model Code of Professional Responsibility ("Model Code") provides guidance as to when this Court may grant a motion for withdrawal of counsel. *Whiting*, 187 F.3d at 321 (citing *National Survival Games, Inc.*). Under the Model Code, moving to withdraw is mandatory where "(1) The representation will result in violation of the Rules of Professional Conduct or other law; (2) The lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or (3) The lawyer is discharged." Model Code, § 1.16(a); *see also* 22 N.Y.C.R.R. §

1200.15(b). Withdrawal under the Code is permissive where:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.

Model Code, § 1.16(b); 22 N.Y.C.R.R. § 1200.15(c).

A breakdown of communication is sufficient grounds for permissive withdrawal. *See Fischer v. Biman Bangladesh Airlines, Fischer v. Biman Bangladesh Airlines*, 1997 U.S. Dist. LEXIS 10405 at *3-4 (S.D.N.Y. 1997) (and cases cited therein). The withdrawal will not have material adverse effects on the interests of the client. Chak has cut off all communication with his attorney, leaving her unequipped to represent his interests. Chak will be in the same position, practically speaking, whether his attorney withdraws or not.

Plaintiff does not oppose the withdrawal, on condition that

Counsel provide Chak's last known addresses and telephone numbers. "[A] court may establish conditions before permitting withdrawal." *Mario Valente Collezioni, Ltd. v. Semeraro*, 2004 U.S. Dist. LEXIS 8274 at *3 (S.D.N.Y. 2004) (quoting *Oscar de la Renta, Ltd. v. Strelitz, Ltd.*, 1993 U.S. Dist. LEXIS 7572, at *1, (S.D.N.Y. 1993)); *Beshansky v. First Nat'l Entertainment Corp.*, 140 F.R.D. 272, 274 (S.D.N.Y. 1990). Courts have conditioned withdrawal on attorneys completing certain stages of the litigation, providing a copy of the order permitting withdrawal and to explain it to the client, and entering into a final judgment in the other party's favor. *See Emile v. Browner*, 1996 U.S. Dist. LEXIS 18654, at *5 (S.D.N.Y. 1996); *Beshansky v. First Nat'l Entertainment Corp.*, 140 F.R.D. 272, 274 (S.D.N.Y. 1990); *Mario Valente*.

Counsel has not responded to plaintiff's request that it be furnished with Chak's contact information before Counsel should be permitted to withdraw.

## Conclusion

For the reasons set forth above, the motion to withdraw is granted. Chak is given thirty (30) days from the date of this opinion to appear pro se or through counsel. Counsel is directed to mail a copy of this opinion to Chak and file and affidavit of mailing with the Court. In addition, Counsel is directed to

provide plaintiff with Chak's last known addresses in this country and in Hong Kong. The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge.

SO ORDERED.

Dated : Brooklyn, New York
March 9, 2009

                  By: /s/ Charles P. Sifton (electronically signed)
                            United States District Judge