UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KOON CHUN HING KEE SOY & SAUCE
FACTORY, LTD.,

                           Plaintiff,

     -against-                                    ORDER
                                                          07-CV-2568 (JG)
KUN FUNG USA TRADING CO. INC., et al.,

                           Defendants.
----------------------------------------------------------X
Gold, S., *United States Magistrate Judge*:

       Plaintiff, Koon Chun Hing Kee Soy & Sauce Factory, Ltd., brings this action for trademark infringement, alleging that individual and corporate defendants manufacture, import, sale, and distribute counterfeit goods bearing plaintiff's trademarks. Upon plaintiff's application and in light of certain defendants' failure to appear in or otherwise defend this action, the Clerk of the Court entered the default of five of the defendants. Docket Entry 56. Subsequently, counsel for defendants Sonic Group, Inc. and Wong Fat Market Inc. moved to be relieved, and the court granted the motion. *See* Docket Entry 124; Minute Entry for Status Conference held on 10/22/2009. After Sonic and Wong Fat failed to retain new counsel and upon plaintiff's application, the Clerk entered the default of Sonic and Wong Fat on December 21, 2009. Docket Entry 134. In addition, plaintiff settled with individual defendants Li, Huang, and Wong, the alleged principals, along with defaulting defendant Chak, of the corporate entities in default. *See* Minute Entry for 2/19/2010 Conf.; Docket Entry 140; Compl. ¶¶ 8, 9, 11.

       I have begun reviewing plaintiff's submission and have some initial concerns.[1] First, plaintiff moves for default judgment against some but not all of the defaulting defendants.

---

[1] Plaintiff is again directed to provide a courtesy copy of plaintiff's submissions, Docket Entries 154-59. The undersigned has received only two copies of plaintiff's sealed exhibits.

Plaintiff moves for judgment against the following five defaulting defendants: Kun Fung USA Trading Co., Inc., Cheung Fat Trading Inc., Gung Fat Trading Inc., Metropolitan Group USA Inc., and Chun Wai Chak. *See* Docket Entry 154-3. Plaintiff does not appear to be seeking default judgments against Sonic and Wong Fat, as these entities are not mentioned in plaintiff's submission. Docket Entry 154. Plaintiff shall indicate whether Koon Chun seeks dismissal of its claims against Sonic and Wong Fat or whether it intends to press those claims. If the latter, plaintiff shall revise its motion papers to add its application for default judgments against Sonic and Wong Fat so that the court need only conduct one inquest.

Second, all of the corporate entity defendants are now inactive corporations according to the records of the New York State, Department of State, Division of Corporations. *See http://appext9.dos.state.ny.us/corp_public/corpsearch.entity_search_entry*. Although a dissolved corporation may be sued while it is winding down its affairs, *see* N.Y. BUS. CORP. LAW § 1006(a)(4), two of the corporations dissolved approximately two years ago, in 2009, and one of the corporations, Metropolitan Group USA Inc., dissolved in June of 2006. Plaintiff shall indicate how it intends to proceed in light of the corporate dissolutions and, if it seeks to press its claims, shall submit a memorandum of law addressing whether it may sue a corporation that has been dissolved for more than five years.

Third, plaintiff seeks $641,777.30 in attorney's fees and costs against the five defaulting defendants. It appears that these fees may include time spent prosecuting the action against the non-defaulting defendants. Plaintiff shall explain why it is entitled to an award of fees against the defaulting defendants for time spent prosecuting the action against other defendants or revise its fee application accordingly. Plaintiff shall also explain why it is seeking over $300,000 in legal

2

fees against these defaulting defendants for time spent investigating and prosecuting other actions. *See* Roccanova Decl. ¶¶ 31-37, Docket Entry 154-2.

Finally, although plaintiff contends that the defaulting defendants are not entitled to any set-off for the amounts that Koon Chun received in settlements, the court has not yet made that determination but is inclined to recommend a set-off. *See Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989) (recognizing that under the single satisfaction rule, "a plaintiff is entitled to only one satisfaction for each injury"). Plaintiff shall therefore disclose to the court the amounts it received from the settling defendants, or direct the court to where in its prior submission such documents are located.

Plaintiff shall make its submission in response to this Order no later than August 29, 2011. Any response by the defaulting defendants is due no later than September 12, 2011. Any reply is due no later than September 19, 2011. Plaintiff is hereby directed to serve a copy of this Order upon the defaulting defendants at their last known addresses, and to file proof of service with the Court.

**SO ORDERED.**

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**

Dated:     Brooklyn, New York
           August 8, 2011

*U:\eoc 2011\damages inquests\koon chun v kun fung 080411 order.docx*